GAGE HAT WORKS, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

GAGE BROTHERS & CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 10736, 16232, 16233. Promulgated September 1, 1927.

The petitioners *held* to have been affiliated for the period November 1, 1918, to November 30, 1921.

*H. A. Mihills, C. P. A.*, for the petitioners.
*P. J. Rose, Esq.*, for the respondent.

These three cases each raise the single issue of the affiliation status of the Gage Hat Works and Gage Brothers & Co., and have been

consolidated for disposition. The deficiencies proposed are as follows:

| Docket | Taxpayer | Fiscal year ended | Deficiency |
|---|---|---|---|
| 10736 | Gage Hat Works | Oct 31, 1919 | $16,379.15 |
| 16232 | ----do---- | Oct. 31, 1920 | 1,930.34 |
| 16233 | Gage Brothers & Co | Nov. 30, 1920 | 4,495.09 |
|  |  | Period Dec. 1, 1920, to Jan. 7, 1921 | None |
|  |  | Period Jan. 8, 1921, to Nov. 30, 1921 | 241.99 |
|  |  |  | 23,046.57 |

### FINDINGS OF FACT.

Gage Brothers & Co. was incorporated under the laws of the State of Illinois, March 3, 1887, with a capital stock of $75,000 paid for in cash. Stock dividends were declared from undivided profits on December 26, 1891, December 12, 1902, and December 27, 1906, in the respective amounts of $45,000, $180,000, and $300,000, a total outstanding stock at October 31, 1919, being 6,000 shares with an aggregate par value of $600,000. The company was engaged in the manufacture and jobbing of ladies' millinery. It was manufacturing a brand of hats which were advertised and sold as "Gage Hats." In 1910 it was found necessary to extend manufacturing facilities and for that purpose the corporation erected a factory building in the outlying district of Chicago.

It had been the policy of Frederick Bode, who was the president of Gage Brothers & Co., to interest the help in the business and, because the business had been prosperous, there was a demand for the stock. Inasmuch as there was no stock of Gage Brothers & Co. available for the employees it was thought that by organizing the Gage Hat Works as a separate company it would be possible to interest some of the men who were responsible for the growth of the manufacturing end of the business to become stockholders in the new company. Accordingly, the Gage Hat Works was incorporated January 5, 1911, with a capital stock of $150,000 paid for in cash. The stock of this new company was apportioned to the holders of the stock of Gage Brothers & Co. in the same ratio as they held stock in the parent corporation. This was done with the understanding that some of the men who received that stock would transfer it to certain men who were more directly interested in the manufacturing end of the business. To enable the stockholders of Gage Brothers & Co. to pay for the new stock apportioned to them, Gage Brothers & Co. declared a cash dividend of 10 per cent, resulting in a distribution of $120,000. These dividends were applied to the purchase of the new stock and $30,000 additional was contributed by the stockholders. Merchandise and equipment were transferred by Gage Brothers & Co. in accordance with the minutes of a directors' meeting held

December 29, 1910, which provided that the original assets appertaining to the business, such as machinery at cost less depreciation up to 1911 and merchandise at net cash value, were to be purchased by the Gage Hat Works for cash. The assets on the opening balance sheet of the Gage Hat Works were set up as follows:

| | |
|---|---:|
| Factory merchandise | $61,003.80 |
| Equipment | 63,885.91 |
| Automobiles | 4,179.01 |
| Restaurant | 2,282.06 |
| Insurance | 658.96 |
| Cash | 17,990.26 |
| Total | 150,000.00 |

The plan of the organization of the Gage Hat Works was devised by Frederick Bode, who dominated the business of both corporations. He was president of both corporations during the taxable years here in question and, together with G. Ebeling, his brother-in-law, represented the principal stockholders in both corporations until 1914, when Ebeling retired from the active management and his stock was purchased by Bode.

After the organization of the Gage Hat Works, the business was conducted in practically the same manner as before the separate incorporation. The customers of Gage Brothers & Co. knew of no difference in the operation of the business. The Gage Hat Works manufactured what was known as the "Gage Hat" for Gage Brothers & Co., exclusively. There were one or two departments of the Gage Hat Works, such as the frame department and the box department, which could manufacture more than the company itself could use and the surplus product was sold to outside interests. The frame is the foundation on which the hat is made. The box is used for shipping purposes. Very few hats were sold directly to the trade by the Gage Hat Works and those included only sales to certain export trade including houses located in New Zealand, Australia, and parts of China. A comparison of sales made by the Gage Hat Works during the heaviest months of business in the years 1919 and 1920 showed that in March, 1919, out of total sales of $224,990.67 the sales to Gage Brothers & Co. amounted to $202,183.48. In March, 1920, sales to Gage Brothers & Co. amounted to $217,798.89 out of a total sales volume for the month of $237,860.56. These two months are typical of the ratio of sales made by the Gage Hat Works to Gage Brothers & Co. and others.

Frederick Bode directed the policies, both operating and financial, of both companies, decided on the type of merchandise that was to be manufactured, arranged for the purchase of goods and supplies, and the men who were operating the factory known as the Gage Hat Works performed their duties under his direction in the same

manner as when the factory was an actual part of Gage Brothers & Co. The selling or commission arrangements between the two companies provided for the retention by the Gage Hat Works of two-thirds of the selling price effected by Gage Brothers & Co. The remaining one-third of the selling price was the commission of Gage Brothers & Co. in making the sales. In no case did the commission vary from 33⅓ per cent of the total sales price. The only profit of the Gage Hat Works represented the difference between the cost of manufacturing the hats and two-thirds of the actual selling price by Gage Brothers & Co.

The Gage Hat Works had a deficit on October 31, 1918, of $65,160.85; on October 31, 1919, a deficit of $23,981.13; on October 31, 1920, a deficit of $37,052.44. Gage Brothers & Co. had a surplus on November 30, 1918, of $548,123.99; on November 30, 1919, of $833,134.88; on November 30, 1920, of $788,011.22.

Owing to the methods of operation of the Gage Hat Works it was under the necessity of borrowing from the banks and others. Gage Brothers & Co. loaned it $80,000 at 5 per cent interest. This was less than the rate at which money could be borrowed from the banks and less than Gage Brothers & Co. paid to banks on loans.

When in 1917 the Gage Hat Works was in need of additional working capital Bode prevailed upon his brother-in-law, Ebeling, who had retired from business in 1914, to invest in that corporation's newly created issue of preferred stock. According to the resolution passed at a meeting of stockholders of the Gage Hat Works on July 31, 1917, it was agreed to issue 1,000 shares of preferred stock of a par value of $100 each. These shares had the same voting rights as the common stock. It was also agreed that this stock was to be purchased by Frederick Bode and George Ebeling for $100,000 in cash. Ebeling's son, F. O. Ebeling, held a responsible position in Gage Brothers & Co.

Because of an increasing deficit of the Gage Hat Works it was deemed advisable to rearrange policies and methods of doing business, and the directors of Gage Brothers & Co. decided to take over the Gage Hat Works and organize it as a part of Gage Brothers & Co., as it was originally organized. A reorganization was effected as of January 7, 1921.

The issue of preferred stock by Gage Brothers & Co. was authorized and the holders of preferred stock of the Gage Hat Works were permitted to exchange their shares for shares of preferred stock of Gage Brothers & Co., and holders of common stock of the Gage Hat Works were permitted to exchange their shares for common shares of Gage Brothers & Co.

A comparison of the capital stockholdings in the two corporations, also expressed in percentages as of November 18, 1919 and 1920, discloses the following:

| GAGE BROTHERS & CO | 1918 | | 1919 | | 1920 | |
|---|---|---|---|---|---|---|
| | Shares | Per cent | Shares | Per cent | Shares | Per cent |
| **COMMON STOCK** | | | | | | |
| Frederick Bode | 4,470 | 74.4 | 4,545 | 75.7 | 4,485 | 74.7 |
| Julius Cole | 232 | 3.9 | 232 | 3.9 | 232 | 3.9 |
| Geo. H. Hovey | 106 | 1.8 | 106 | 1.8 | 106 | 1.8 |
| G. F. Lathrop | 232 | 3.9 | 232 | 3.9 | 232 | 3.9 |
| Chas. Tubach | 75 | 1.3 | --------- | --------- | --------- | --------- |
| A. E. Shutz and estate | 375 | 6.3 | 375 | 6.3 | 375 | 6.3 |
| | 5,490 | 91.6 | 5,490 | 91.6 | 5,430 | 90.6 |
| Others, not stockholders in Gage Hat Works | 510 | 8.4 | 510 | 8.4 | 570 | 9.4 |
| | 6,000 | 100.0 | 6,000 | 100.0 | 6,000 | 100.0 |

| GAGE HAT WORKS | 1918 | | 1919 | | 1920 | |
|---|---|---|---|---|---|---|
| | Shares | Per cent | Shares | Per cent | Shares | Per cent |
| **COMMON STOCK** | | | | | | |
| Frederick Bode | 1,155 | 77.0 | 1,155 | 77.0 | 1,155 | 77.0 |
| Julius Cole | 50 | 3.3 | 50 | 3.3 | 30 | 3.3 |
| George H. Hovey | 25 | 1.7 | 25 | 1.7 | 25 | 1.7 |
| G. F. Lathrop | 50 | 3.3 | 50 | 3.3 | 50 | 3.3 |
| Chas. Tubach—disposed of to F. Bode in 1917. | | | | | | |
| A. E. Shutz | 200 | 13.3 | 200 | 13.3 | 200 | 13.3 |
| | 1,480 | 98.6 | 1,480 | 98.6 | 1,480 | 98.6 |
| Others, not stockholders in Gage Hat Works | 20 | 1.4 | 20 | 1.4 | 20 | 1.4 |
| | 1,500 | 100.0 | 1,500 | 100.0 | 1,500 | 100.0 |
| **PREFERRED STOCK** | | | | | | |
| Frederick Bode | 500 | 50.0 | 500 | 50.0 | 500 | 50.0 |
| G. Ebeling | 400 | 40.0 | 400 | 40.0 | 400 | 40.0 |
| F. O. Ebeling | 100 | 10.0 | 100 | 10.0 | 100 | 10.0 |
| | 1,000 | 100.0 | 1,000 | 100.0 | 1,000 | 100.0 |

Julius Cole, now deceased, was an employee who came with Bode when Gage Brothers & Co. was organized. George H. Hovey was secretary and treasurer of Gage Brothers & Co. and had been with that company more than 50 years prior to his death in 1925. G. F. Lathrop and Charles Tubach were employees who were associated with Bode throughout most of the history of Gage Brothers & Co. Both of these employees died prior to 1919 and the stockholdings of the four deceased employees were retained by their respective widows. The stockholdings shown in the name of A. E. Shutz and estate in Gage Brothers & Co. were the property of the mother of A. E. Shutz, who became secretary and treasurer of the Gage Hat Works immediately after its organization. A. E. Shutz handled all of his mother's affairs while she was living, including the voting

of the stock held in the name of the estate. Shutz is a nephew of Frederick Bode. The persons listed in the respective petitions as " others, not stockholders " in the Gage Hat Works or Gage Brothers & Co. were employees, mostly salesmen, and some women who were designers for Gage Brothers & Co. and created the Gage styles. No stock of either company has ever been held by any outside interest. F. O. Eberling, a preferred stockholder, was a son of G. Ebeling and nephew of Frederick Bode.

### OPINION.

SMITH: The petitioners claim to have been affiliated from November 1, 1918, to November 30, 1921. The respondent has denied affiliation prior to January 8, 1921. In support of his denial of affiliation the respondent calls attention to the decisions of the Board in *Appeal of Watsontown Brick Co.*, 3 B. T. A. 85; *George A. Fink Co. v. Commissioner*, 5 B. T. A. 76; and others.

In *Appeal of Hagerstown Shoe & Legging Co.*, 1 B. T. A. 666, we stated:

Are we, in applying this statute, to look at the tabulated statement of stock ownership and, because it there appears that several persons are stockholders of one or the other legal entity and not of both, say that this alone is determinative? We have had occasion in other appeals on other questions to say, and we can not too often repeat, that *all* facts must be considered. These problems are not flat mathematical or legalistic puzzles; they are vital, and must be examined in three dimensions with the light of reality. No solution otherwise arrived at could long survive.

In the case at bar we have a situation where all of the stock of two corporations is owned by closely related interests. The only important outside interest was a brother-in-law of the principal stockholder of both corporations who had formerly been associated in the business. The two businesses were operated as an economic unit and the Gage Hat Works was considered a department of the older corporation. This is conclusively proven by the fact that when it developed that Gage Brothers & Co. were receiving all of the profits of the business the stockholders of the Gage Hat Works were permitted to exchange their shares of stock for shares of stock of Gage Brothers & Co. upon precisely the same basis as though Gage Brothers & Co. had been correspondingly profitable with the parent company. In our opinion all of the stock of both corporations was owned or controlled by the same interests.

Reviewed by the Board.

*Judgment will be entered for the petitioners on 15 days' notice, under Rule 50.*